FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

12 OCT 30 PM 12: 03

OFFICE OF THE CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TERRENCE N. GILLILAND, DENISE M. GILLILAND and LUIS S. GALLEGOS, | * * * | Case No. 8:12CV384 |
| | * | |
| Plaintiffs, | * | Hon. Mag. _____ |
| | * | |
| v. | * | |
| | * | |
| HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC, | * * | |
| | * | |
| Defendant. | * | |
| | * | |

## DEFENDANT HARLEY-DAVIDSON MOTOR COMPANY
## GROUP, LLC'S NOTICE OF REMOVAL

Defendant, Harley-Davidson Motor Company Group, LLC, ("Harley-Davidson"), by its counsel, Woodke & Gibbons, P.C., L.L.O., states as follows in support of the removal of this action to the United States District Court for the District of Nebraska on the grounds of diversity of citizenship pursuant to 28 U.S.C. §§ 1332, 1441 and 1446:

1. On October 19, 2012, Harley-Davidson was served, via personal service, with Plaintiffs' Praecipe and Complaint in an action entitled *Terrence N. Gilliland, Denise M. Gilliland and Luis S. Gallegos v. Harley-Davidson Motor Company, LLC.*, District Court of Dodge County, Nebraska, Case No. CI12-233. A copy of these pleadings and proof of service are attached as Exhibit "A" and constitute all process, pleadings and orders received by Harley-Davidson in this action prior to this Notice of Removal.

2. This Notice of Removal is being filed within thirty (30) days from receipt of the Praecipe and Complaint and is, therefore, timely pursuant to 28 U.S.C. § 1446(b).

3. Plaintiffs make no allegations relating to their current states of residence in their Complaint. (*See generally* Compl., Ex. "A").

4.      Plaintiffs allege that Plaintiff Terrence N. Gilliland purchased a Harley-Davidson motorcycle in the state of Nebraska. (*See id.* ¶ 1C). According to records maintained by Harley-Davidson in the ordinary course of its business regarding the registration and sale of the subject motorcycle to Plaintiff Terrence N. Gilliland, Plaintiff Terrence N. Gilliland resides at 53562 221st Street, Glenwood, IA. (*See* VIN Printouts, attached hereto as Exhibit "B").

5.      According to the allegations contained in the Complaint, plaintiff Denise M. Gilliland has lived with Plaintiff Terrence N. Gilliland as husband and wife since 1998. (*See* Compl. ¶ 29, Ex. "A"). Thus, upon information and belief, Plaintiff Denise M. Gilliland also resides at 53562 221st Street, Glenwood, IA.

6.      Upon information and belief, Plaintiff Luis S. Gallegos is not a resident of Wisconsin.

7.      Defendant Harley-Davidson Motor Company Group, LLC, is a Wisconsin corporation with its principal place of business located at 3700 W. Juneau Avenue, Milwaukee, Wisconsin.

8.      There is complete diversity between Plaintiffs and Harley-Davidson.

9.      Plaintiffs' Complaint does not include an exact amount of damages sought but references special damages in an amount in excess of $359,000. (*See* Compl. ¶¶ 8-9, 27-28, 35, 53). Therefore, although Harley-Davidson denies that it is liable to Plaintiffs in any amount, for purposes of the amount in controversy, Plaintiffs' complaint satisfies the $75,000.00 jurisdictional threshold. *See* 28 U.S.C. § 1332(a).

10.     The United States District Court, therefore, has original jurisdiction over the Praecipe and Complaint under 28 U.S.C. § 1332(a) as the matter in controversy exceeds $75,000.00 in value, exclusive of interest and costs, and this action is between citizens of

different states. Because the United States District Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), this action is removable pursuant to 28 U.S.C. § 1441(a).

11.     This Court encompasses the District Court of Dodge County, Nebraska, which is the state court where this action is pending. Thus, this Court is a proper venue for removal pursuant to 28 U.S.C. § 1441(a).

12.     The only Defendant in this matter is Harley-Davidson, who consents to removal by filing this Notice of Removal.

13.     Written notice of the filing of this Notice of Removal, the exhibits thereto and the Notice of Filing of the Notice of Removal will be given to Plaintiffs by mailing copies of same to their counsel this ___ day of October, 2012.

14.     A copy of this Notice of Removal and the Notice of Filing of the Notice of Removal (attached hereto as Exhibit C) will be filed with the Clerk of the District Court of Dodge County, Nebraska.

**WHEREFORE**, Defendant Harley-Davidson Motor Company Group, LLC, respectfully removes this action from the Court of Dodge County, Nebraska, bearing Case No. CI12-233, to the United States District Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Dated this ___ day of October, 2012.

> HARLEY DAVIDSON MOTOR COMPANY
> GROUP, LLC, Defendant,
>
> By:     /s/ David M. Woodke
> David M. Woodke, NE Bar# 15211
> Earl G. Greene, III, NE Bar # 17054
> WOODKE & GIBBONS, P.C., L.L.O.
> Historic Inns of Court
> 619 N. 90th Street
> Omaha, NE 68114
> (402) 391-6000
> (402) 391-6200 (Fax)
> *Email: dwoodke@woglaw.com and*
> *egreene@woglaw.com*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __2ᵗʰ__ day of October, 2012, I electronically filed the foregoing pleading with the Clerk of the District Court of the US District Court, Nebraska, using the CM/ECF system, which will send notification to me of such filing; and I sent a copy of same by United States Mail, First-Class postage prepaid to the following individual(s):

Steven Howard
Dowd, Howard & Corrigan, LLC
1411 Harney Street, #100
Omaha, NE 68102

Filed in Dodge District Court
*** EFILED ***
Case Number: D 05 CI 12 0000233
Transaction ID: 0000277591
Filing Date: 04/20/2012 01:34:53 PM CDT

## IN THE DISTRICT COURT OF DODGE COUNTY, NEBRASKA

TERRENCE N. GILLILAND, DENISE )   CASE NO. CI 12–_____
M. GILLILAND and LUIS S. )
GALLEGOS, )
)
             Plaintiffs, )
)
vs. )   **COMPLAINT**
)
HARLEY-DAVIDSON MOTOR )
COMPANY GROUP, LLC, )
)
             Defendant. )

COME NOW the Plaintiffs and for their causes of action allege:

1.     Plaintiff Terrence N. Gilliland:

     A.    Is a Plaintiff in this action;

     B.    Was born March 9, 1951;

     C.    In the state of Nebraska purchased from Defendant a 2007 VRSCAW V-Rod Harley Davidson motorcycle, vehicle identification number 1HD1HFZ1XK812964, that on April 22, 2010 had less than 2,000 miles (hereinafter at times referred to as "motorcycle";

     D.    Was severely and permanently injured in an April 22, 2010 single motorcycle accident occurring in Mills County, Iowa;

     E.    Was a negligence free, experienced, capable and innocent operator of the motorcycle, when the center post of the triple tree assembly came apart and it crashed on April 22, 2010;

     F.    Was using the motorcycle in the manner for which it was intended;

     G.    Was in good health prior to the crash;

     H.    Is Denise M. Gilliland's husband.



EXHIBIT
A

2. Plaintiff Denise M. Gilliland:

    A. Is a Plaintiff is this action and is Plaintiff Terrence N. Gilliland's wife;

    B. Suffered harm in the form of loss of consortium as a result of the physical injury her husband suffered in the motorcycle malfunction and crash of April 22, 2010.

3. Plaintiff Luis S. Gallegos:

    A. Is a Plaintiff is this action and was a passenger on the motorcycle when it malfunctioned and crashed on April 22, 2010;

    B. Suffered severe and debilitating injuries as a result of the motorcycle malfunction and subsequent crash on April 22, 2010;

    C. Was in good health prior to the crash and now lives in pain and is blind in one eye;

    D. Was a negligence free and an innocent passenger on April 22, 2010, riding in the manner intended by the Defendant..

4. Defendant Harley-Davidson Motor Company Group, LLC:

    A. Is a for-profit corporation with headquarters in the State of Wisconsin;

    B. Designs, manufactures, sells and places into the stream of commerce motorcycles including the 2007 motorcycle it sold to Plaintiff Terrence N. Gilliland;

    C. Employs individuals responsible for assembly, inspection, testing, quality assurance and other duties specifically related to the

-2-

> motorcycle which malfunctioned causing injuries and harm to the
> Plaintiffs;

D.   Sold Plaintiff the motorcycle through one of its dealerships in
     Nebraska and has marketed and sold its motorcycles through
     multiple Nebraska dealerships for many years.

## COUNT 1 – NEGLIGENT MANUFACTURING
### (PLAINTIFF TERRENCE N. GILLILAND)

5.   The above allegations are re–alleged as if fully set forth herein.

6.   Defendant, individually, and by and through its employees, failed to
     properly and safely manufacture the motorcycle by correctly fastening, to
     the proper and specified torque, a metal nut on or near the top of the
     center post of the motorcycle's triple tree assembly.

7.   As a direct and proximate result of the Defendant's negligent
     manufacturing/assembly, the triple tree assembly failed, causing the forks
     to separate from the frame during operation, and the motorcycle
     malfunctioned and failed on or about April 22, 2010 causing the crash.

8.   As a direct and proximate result of the motorcycle malfunction and
     resulting crash, plaintiff Terrence N. Gilliland suffered permanent and
     debilitating bodily and other damages including, but not limited to, past
     medical/hospital and other health care expenses in the approximate sum
     of $258,000, medical and other health care services reasonably
     necessitated to treat bodily injuries caused by the crash, past and future
     income, lost profits, diminished earning capacity and inability to be
     fully/gainfully employed, conscious physical pain and mental suffering,

-3-

inconvenience, loss of bodily function, loss of enjoyment of life, scarring and other harm. His bodily injuries include, but are not limited to, his left lower extremity, his left upper extremity, his cervical spine (all of which necessitated emergency and multiple surgical repairs) and other bodily injury.

9.  As a direct and proximate result of the motorcycle crash, Terrence N. Gilliland's 2007 motorcycle was damaged. He has sustained loss of use of his personal property (the motorcycle) and diminution in value in excess of $10,000.

## COUNT 2 – NEGLIGENT FAILURE TO WARN
## (PLAINTIFF TERRENCE N. GILLILAND)

10. The above allegations are re–alleged as if fully set forth herein.

11. Defendant failed to use reasonable care to see that the motorcycle was safe for the use for which it was designed, manufactured, assembled, sold and distributed.

12. Defendant knew, or through the exercise of reasonable testing, inspection and other care should have known, that its product was dangerous when put to the use for which it was manufactured, designed, assembled and sold.

13. Defendant had reason to know Plaintiffs would not realize the danger.

14. Defendant failed to provide reasonably foreseeable operators and passengers of the motorcycle with adequate warning of the danger.

15. As a direct and proximate result of the Defendant's negligent failure to warn, the Plaintiff suffered damages alleged herein.

-4-

## COUNT 3 - NEGLIGENT INSPECTION/TESTING

### (PLAINTIFF TERRENCE N. GILLILAND)

16.     The above allegations are re–alleged as if fully set forth herein.

17.     Defendant, individually and through its employees, failed to properly and adequately inspect and/or test the triple tree assembly on the motorcycle to ensure that the nut on or near the top of the center post of the triple tree was adequately and properly secure and tightened to the appropriate torque. It was not.

18.     As a direct and proximate result of the Defendant's negligence, Plaintiff suffered damages alleged herein.

### COUNT 4 - NEGLIGENT TRAINING

### (PLAINTIFF TERRENCE N. GILLILAND)

19.     The above allegations are re–alleged as if fully set forth herein.

20.     Defendant, individually, and by and through its employees, failed to properly and adequately teach and train its manufacturing and assembly employees:

   A.     To properly and adequately tighten the center nut on or near the top of the triple tree assembly to the proper torque;

   B.     To inspect importance parts and assembly to ensure the motorcycle was safe for its intended use;

   C.     To understand the appreciate the hazards and dangers of improper assembly/manufacturing and improper inspection;

-5-

      D.     To never allow a motorcycle to be sold/shipped without ensuring it is properly assembled according to specifications and safe for its intended use.

21.    As a direct and proximate result of the Defendant's negligent training, the Plaintiff suffered damages as alleged herein.

## COUNT 5 – STRICT LIABILITY

### (PLAINTIFF TERRENCE N. GILLILAND)

22.    The above allegations are re–alleged as if fully set forth herein.

23.    The motorcycle was defective in one or more of the manners alleged above.

24.    The motorcycle differed from the Defendant's intended result and/or differed from identical motorcycles of the same make and model designed, manufactured, assembled and sold by Defendant.  The motorcycle alleged above differed in that the center nut at the top of the triple tree assembly was not fully installed, tightened, nor secure as others were.

25.    The defect made the motorcycle unreasonably dangerous for its intended use.

26.    As a direct and proximate result of the motorcycle's defect or defects, the triple tree assembly failed, came loose during operation, and the motorcycle malfunctioned and failed on or about April 22, 2010, causing it to crash.

27.    As a direct and proximate result of the motorcycle malfunction and resulting crash, plaintiff Terrence N. Gilliland suffered permanent and

debilitating bodily and other damages including, but not limited to, past medical/hospital and other health care expenses in the approximate sum of $258,000, medical and other health care services reasonably necessitated to treat bodily injuries caused by the crash, past and future income, lost profits, diminished earning capacity and inability to be fully/gainfully employed, conscious physical pain and mental suffering, inconvenience, loss of bodily function, loss of enjoyment of life, scarring and other harm. His bodily injuries include, but are not limited to, his left lower extremity, his left upper extremity, his cervical spine (all of which necessitated emergency and multiple surgical repairs) and other bodily injury.

28.   As a direct and proximate result of the motorcycle crash, Terrence N. Gilliland's 2007 motorcycle was damaged.  He has sustained loss of property in excess of $10,000.

## COUNT 6 – LOSS OF CONSORTIUM
## (PLAINTIFF DENISE M. GILLILAND)

29.   The above allegations are re--alleged as if fully set forth herein.

30.   Plaintiffs Terrence N. Gilliland and Denise M. Gilliland were married on June 30, 1998. They lived as husband and wife at all times since, through and including the motorcycle crash April 22, 2010 and through the present.

31.   As a direct and proximate result of the motorcycle crash, Plaintiff Denise M. Gilliland suffered, and shall continue in the future to suffer, loss of affection assistance moral support, support, aid, comfort, companionship,

-7-

society, love, friendship enjoyment of her personal physical and emotional relations with her husband, Plaintiff Terrence N. Gilliland.

## COUNT 7 – NEGLIGENT MANUFACTURING
### (PLAINTIFF LUIS S. GALLEGOS)

32.  The above allegations are re–alleged as if fully set forth herein.

33.  Defendant, individually, and by and through its employees, failed to properly and safely manufacture the motorcycle by correctly fastening, to the proper and specified torque, a metal nut on or near the top of the center post of the motorcycle's triple tree assembly.

34.  As a direct and proximate result of the Defendant's negligent manufacturing/assembly, the triple tree assembly failed, causing the forks to separate from the frame during operation, and the motorcycle malfunctioned and failed on or about April 22, 2010 causing the crash.

35.  As a direct and proximate result of the motorcycle malfunction and resulting crash, Plaintiff Luis S. Gallegos suffered permanent and debilitating bodily and other damages including, but not limited to, past medical/hospital and other health care expenses in the approximate sum of $91,000, medical and other health care services reasonably necessitated to treat bodily injuries caused by the crash, past and future income, lost profits, diminished earning capacity and inability to be fully/gainfully employed, conscious physical pain and mental suffering, inconvenience, loss of bodily function, loss of enjoyment of life, scarring and other harm. His bodily injuries include, but are not limited to, head

-8-

injury and blindness in his left eye, which necessitated emergency
treatment and other bodily injuries.

## COUNT 8 – NEGLIGENT FAILURE TO WARN

### (PLAINTIFF LUIS S. GALLEGOS)

36.   The above allegations are re–alleged as if fully set forth herein.

37.   Defendant failed to use reasonable care to see that the motorcycle was
      safe for the use for which it was designed, manufactured, assembled, sold
      and distributed.

38.   Defendant knew, or through the exercise of reasonable testing, inspection
      and other care should have known, that its product was dangerous when
      put to the use for which it was manufactured, designed, assembled and
      sold.

39.   Defendant had reason to know Plaintiffs would not realize the danger.

40.   Defendant failed to provide reasonably foreseeable operators and
      passengers of the motorcycle with adequate warning of the danger.

41.   As a direct and proximate result of the Defendant's negligent failure to
      warn, the Plaintiff suffered damages alleged herein.

## COUNT 9 – NEGLIGENT INSPECTION/TESTING

### (PLAINTIFF LUIS S. GALLEGOS)

42.   The above allegations are re–alleged as if fully set forth herein.

43.   Defendant, individually and through its employees, failed to properly and
      adequately inspect and/or test the triple tree assembly on the motorcycle
      to ensure that the nut on the center post of the triple tree was adequately
      and properly secure and tightened to the appropriate torque. It was not.

-9-

44.    As a direct and proximate result of the Defendant's negligence, Plaintiff
        suffered damages alleged herein.

## COUNT 10 – NEGLIGENT TRAINING

### (PLAINTIFF LUIS S. GALLEGOS)

45.    The above allegations are re–alleged as if fully set forth herein.

46.    Defendant, individually, and by and through its employees, failed to
        properly and adequately teach and train its manufacturing and assembly
        employees:

   A.    To properly and adequately tighten the center nut on the triple tree
          assembly to the proper torque;

   B.    To inspect importance parts and assembly to insure the motorcycle
          was safe for its intended use;

   C.    To understand the appreciate the hazards and dangers of improper
          assembly/manufacturing and improper inspection;

   D.    To never allow a motorcycle to be sold/shipped without ensuring it
          is properly assembled according to specifications and safe for its
          intended use.

47.    As a direct and proximate result of the Defendant's negligent training, the
        triple tree assembly failed, came loose during operation, and the
        motorcycle malfunctioned and failed on or about April 22, 2010.

## COUNT 11 – STRICT LIABILITY

### (PLAINTIFF LUIS S. GALLEGOS)

48.    The above allegations are re–alleged as if fully set forth herein.

-10-

49.  The motorcycle was defective in one or more of the manners alleged above.

50.  The motorcycle differed from the Defendant's intended result and/or differed from identical motorcycles of the same make and model designed, manufactured, assembled and sold by Defendant. The motorcycle alleged above differed in that the center nut at the top of the triple tree assembly was not fully installed, tightened, nor secure as others were.

51.  The defect made the motorcycle unreasonably dangerous for its intended use.

52.  As a direct and proximate result of the motorcycle's defect or defects, the triple tree assembly failed, came loose during operation, and the motorcycle malfunctioned and failed on or about April 22, 2010, causing it to crash.

53.  As a direct and proximate result of the motorcycle malfunction and resulting crash, Plaintiff Luis S. Gallegos suffered permanent and debilitating bodily and other damages including, but not limited to, past medical/hospital and other health care expenses in the approximate sum of $91,000, medical and other health care services reasonably necessitated to treat bodily injuries caused by the crash, past and future income, lost profits, diminished earning capacity and inability to be fully/gainfully employed, conscious physical pain and mental suffering, inconvenience, loss of bodily function, loss of enjoyment of life, scarring and other harm. His bodily injuries include, but are not limited to, head

-11-

injury and blindness in his left eye, which necessitated emergency

treatment and other bodily injuries.

WHEREFORE, Plaintiffs, and each of them, pray for trial by jury and separate

judgments to include each of their separate and respective general and special

damages that shall adequately, but not excessively, compensate them for their losses

and harms alleged herein, together with an award of taxable court costs, attorney fees

and such other and further relief as is justified.

Dated this 20th day of April, 2012.

TERRENCE N. GILLILAND, DENISE M.
GILLILAND and LUIS S. GALLEGOS,
Plaintiffs

By:    /s/ Steven H. Howard, #18582
Steven H. Howard, #18582
Dowd Howard & Corrigan, L.L.C.
1411 Harney Street, Suite 100
Omaha, Nebraska 68102
(402) 341-1020
ATTORNEYS FOR PLAINTIFFS

-12-

OCT/22/2012/MON 09:18 AM    JBM Patrol          FAX No. 608 222 5490          P. 002

|  |  | Doc. No. | 24727 |
|---|---|---|---|

Dodge District Court
428 N Broad St.
Fremont                    NE 68025 4962

To: Authorized Person
Case ID: CI 12      233 Gilliland v. Harley-Davidson Motor Co Gr

Received this Summons on _October 16_ _2012_. I hereby certify that on

_October_ , _19_ at _10:28_ o'clock _A_ M. I served copies of the Summons
upon the party:
_Dawn Pederson_

by _Kyle Vidlock_

as required by Nebraska state law.

Service and return      $ _60.00_

Copy                         _0_

Mileage ____miles          _0_

TOTAL                    $ _60.00_

Date: _10/19/2012_              BY: _____
                                    (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____          000025513D05

on the _____ day of _____ _____, as required by Nebraska state law.

Postage $ _____   Attorney for: _____

The return receipt for mailing to the party was signed on _____ , _____.

TO: Harley-Davidson Motor Co Group          From: Steven H Howard
c/o CT Corp. System, Reg. Agent                   1411 Harney Street
8040 Excelsior Dr  Suite 200                        Suite 100
Madison, WI 53717                                    Omaha, NE 68102

# ATTACH RETURN RECEIPT & RETURN TO COURT

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X _____  ☐ Agent
                    ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
   D. ouGELIN                     10/19/12

1. Article Addressed to:

Harley-Davidson Motor Company Group, LLC
c/o CT Corporation System, Registered Agent
8040 Excelsior Drive, Suite 200
Madison, WI 53717

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

7011 0470 0000 3134 4524

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

SERVICE COPY                              DOC. NO.    24728

Dodge District Court
428 N Broad St.
Fremont              NE 68025 4962

To:
Case ID: CI 12      233 Gilliland v. Harley-Davidson Motor Co Gr

Received this Summons on _____. I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons

upon the party:

_____

by _____

_____

000025516D05

as required by Nebraska state law.

Service and return      $ _____

Copy                      _____

Mileage ____miles         _____

   TOTAL                $ _____

Date: _____   BY: _____
                                   (Sheriff or authorized person)

DODGE COUNTY NE.
LINDA J. NELSON
DISTRICT COURT CLERK

'2 OCT 25 AM 10: 43

FILED

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: Defendant Harley-Davidson Motor Co. Group

At the following address: c/o CT Corp. System, RA
8040 Excelsior Dr. Ste 200
Madison WI 53717

on the 16 day of October 2012, as required by Nebraska state law.

Postage $ 6.80   Attorney for: Plaintiffs

The return receipt for mailing to the party was signed on Oct. 19, 12.

To: Harley-Davidson Motor Co Group          From: Steven H Howard
    c/o CT Corp. System, Reg. Agent               1411 Harney Street
    8040 Excelsior Dr  Suite 200                  Suite 100
    Madison, WI 53717                             Omaha, NE 68102

# ATTACH RETURN RECEIPT & RETURN TO COURT

```
RGII0009                 Harley-Davidson, Inc.        INQUIRY    Date 12/17/10
SEWREYJ                       Registration            HMILMFG1   Time 17:02:00
CO-OWNER          : 00    CURRENT OWNER
VIN               : 1HD1HFZ1X7K812964      REGISTRATION CREATED ON  7/23/2007
NAME : MR       TERRENCE            N GILLILAND
        TITLE      FIRST            I LAST
ADDRESS    : 53562 221ST ST


CITY       : GLENWOOD                  STATE: IOWA
PROVINCE/COUNTY:
COUNTRY    : UNITED STATES             POSTAL CODE:  51534-6289
TELEPHONE :
HOG/BRAG INDICATOR: N  MEMBER:
DATE PURCHASED    : 7/23/2007          GIFT / RPM
REGISTERING DEALER: 1397  Dillon Brothers Harley-Davidson, In
                          Omaha                     NE
TYPE OF SALE: RETAIL                  INSPECTED MILES: 00000
WARRANTY/TRANSFER/DEMO SALE/SALE:
WARRANTY/TRANSFER/DEMO/SALE DATE:
F3 - Exit              F10 - Build Inq    LAST UPD: HOIB0060    20070919
F12 - More Info
```

EXHIBIT
B

```
RGII0006                 Harley-Davidson, Inc.          INQUIRY    Date 12/17/10
SEWREYJ                        Build                     HMILMFG1   Time 17:02:14

VIN: 1HD1HPZ1X7K812964                    BUILD RECORD CREATED ON  6/20/2007

ENGINE ASSY DATE :  1/01/2007          FRONT TIRE  : MA12107
VEHICLE ASSY DATE:  6/19/2007          REAR TIRE   : MWDM1807
ORIG CRANKCASE : 0610711851            IGNITION KEY: 4002
CURR CRANKCASE : 0610711851   CHG:     SECOND KEY  : 4002H
FORK           : YS7558                SEAT        : COPSM
TRANSMISSION   : 000000000             WHEEL       : DISC
ORDER NUMBER   : 0622199               COLOR       : BLACK W/PINSTRIPE
ORDER TYPE     : MA                    ODOMETER TY : M
ENG REPLACE DATE :                     ENG REPLACE#:
LOCATION       : CUSTOMER              DESTINATION : DOMESTIC
SHIPPED DEALER : 1397      Dillon Brothers Harley-Davidson, In
SHIPPED DATE   : 6/20/2007 Omaha                              NE
CURRENT DEALER : 1397      Dillon Brothers Harley-Davidson, In
DATE           : 6/20/2007 Omaha                              NE
SECURITY: NO SECURITY SYS OPTION 2:                OPTION 3:
VEHICLE STS SOLD              WARRANTY STATUS   :
LAST UPD: RGUB0101   20070723  WARRANTY STATUS DATE    :
F3 - Exit          F08 - Addition Info  F10 - Registration  F18 - Transfer
```

```
17:50:02                    HARLEY-DAVIDSON, INC.      HMILMFG1      SMII0042
12/17/10                    Vehicle History Display                 SEWREYJ

Enter Vin ID  . . .   1HD1HFZ1X7K812964   Press Enter

Type options, press Enter.
  AC=All Claims      AH=All Headers
  CD=Claim Detail  CL= Claim Lines   CE=Claim Errors

Opt  Dlr    Claim    Evt  Typ  Status   Miles  Sts Date  PrLb  Failed Part

  __



                                                                   Bottom

F3=Exit  F12=Cancel  F14=Campaigns
No claims have been submitted for this vehicle.
```

```
 17:50:16                   HARLEY-DAVIDSON, INC.      HMILMFG1      SMII0042
 12/17/10                   Vehicle History Display                  SEWREYJ

Enter Vin ID  . . .    1HD1HFZ1X7K812964    Press Enter

Type options, press Enter.
  AC=All Claims     AH=All Headers
  CD=Claim Detail  CL= Claim Lines   CE=Claim Errors

Opt  Dlr   Claim   Evt  Typ  Status    Miles  Sts Date  PrLb  Failed Part

----



                                    .


                                                                    Bottom


F3=Exit  F12=Cancel  F14=Campaigns
This vehicle is not involved in any campaigns.
```

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TERRENCE N. GILLILAND, DENISE M. GILLILAND and LUIS S. GALLEGOS, | * * * | Case No. _____ |
| Plaintiffs, | * * | Hon. Mag. _____ |
| v. | * * | |
| HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC, | * * * | |
| Defendant. | * * | |

### DEFENDANT HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC'S NOTICE OF FILING OF THE NOTICE OF REMOVAL

Notice is hereby given that Defendant, Harley-Davidson Motor Company Group, LLC, ("Harley-Davidson"), by its counsel, Woodke & Gibbons, P.C., L.L.O, has filed a Notice of Removal removing this action to the United States District Court for the District of Nebraska on the 24th day of October, 2012. A true and accurate copy of the Notice of Removal is attached hereto as Exhibit A.

Dated this 25 day of October, 2012.

HARLEY DAVIDSON MOTOR COMPANY
GROUP, LLC, Defendant,

By:  /s/ David M. Woodke
     David M. Woodke, NE Bar# 15211
     Earl G. Greene, III, NE Bar # 17054
     WOODKE & GIBBONS, P.C., L.L.O.
     Historic Inns of Court
     619 N. 90th Street
     Omaha, NE 68114
     (402) 391-6000
     (402) 391-6200 (Fax)
     *Email: dwoodke@woglaw.com and
     egreene@woglaw.com*



EXHIBIT
C