IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRENCE N. GILLILAND, DENISE M. GILLILAND and LUIS S. GALLEGOS, | 8:12CV384 |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER |
| HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC, | |
| Defendant. | |

This matter is before the court after a hearing on March 12, 2014, on the plaintiffs' appeal, Filing No. 62, of the magistrate's order, Filing No. 58, denying in part the plaintiffs' motion to amend the scheduling order, Filing No. 49; and the plaintiffs' motion and amended motion for a continuance of the trial, Filing Nos. 64 and 66.[1]

The court has reviewed the parties' submission and the arguments of counsel and finds the defendant should be required to answer the interrogatories and request for production served by the plaintiffs on Jan. 3, 2014; discovery should be extended for 6 months from the date of this order; and the magistrate judge should be directed to issue an amended progression order adjusting other deadlines accordingly. The court agrees with the magistrate judge that no sanctions are warranted in this case.

Generally, the court finds the plaintiffs have been reasonably diligent in prosecuting this action. The parties began taking depositions approximately six months

---

[1] Motions in limine and for summary judgment are also pending, Filing Nos. 32, 34, 36, and 40. At the hearing, plaintiffs' counsel conceded that the plaintiffs' *Daubert* motion with respect to Chris Hoffman was well taken in the context of the discovery as it stood at the time of the hearing. In light of the court's disposition, the defendant's pending motions will be denied as moot, without prejudice to refiling.

before the close of discovery. Although they could have requested documents earlier, by no means did the plaintiffs delay requests given the events that led to the discovery of the service bulletin in question.

The plaintiffs became aware of the existence of the document at or shortly before the deposition of Chris Hoffman in mid-October of 2013. The plaintiffs were not in possession of the service bulletin at issue at that time. They reasonably diligently requested production of the document shortly thereafter. The document was produced 30 days later, on December 16, 2013. Approximately two weeks after that, before the close of discovery, the plaintiffs served additional interrogatories on the defendant and moved to extend the deadlines. *See* Filing Nos. 47, 48, and 49. The defendant has not answered those interrogatories or produced the documents, ostensibly because the request was not "sufficiently early to allow rule time response before the deposition deadline" which was on February 3, 2014. *See* Filing No. 18, Progression Order; Filing No. 28, Order.

The record supports a finding that the defendant was not under a duty to produce the service bulletin until it was requested in November 2013. The court is not convinced that the plaintiffs properly requested production of the service bulletin before then, although the defendant was most likely aware of the document's relevance. The record indicates that during discovery it became apparent to the plaintiffs that the defendant has had mechanical issues with the steering mechanism.

The production of the service bulletin in December 2013, however, provided the plaintiffs with relevant information within the discovery period. Arguably, the plaintiffs have discovered a potential design flaw that may explain the cause of the accident.

That explanation is not particularly consistent with the theories they have thus far advanced, but it remains a potential explanation nonetheless.  In the interest of justice, the plaintiffs should be allowed to pursue this information for a reasonable time, given the already extended time this case has been litigated.  The court finds six months is a sufficient length of time to supplement interrogatories, obtain an additional expert if necessary, and then proceed to trial.  Other deadlines can be adjusted accordingly.

THEREFORE, IT IS ORDERED:

1. The plaintiffs' appeal (Filing No. 62) of the magistrate's order is granted in part and denied in part.

2. The magistrate judge's order (Filing No. 58) is reversed in part and sustained in part.

3. The plaintiffs' motion to amend the progression order (Filing No. 49) is granted.

4. The plaintiffs' motion for sanctions (Filing No. 49) is denied.

5. The plaintiffs' motion and amended motion for a continuance of the trial (Filing Nos. 64 and 66) are granted.

6. The magistrate judge is directed to enter an amended progression order in conformity with this Memorandum and Order.

7. The defendant's motion to exclude testimony regarding pinch bolts, Filing No. 32; defendant's motion to exclude the testimony of plaintiffs' expert witness Chris Hoffman, Filing No. 34; defendant's motion for summary judgment, Filing No. 36; and

defendant's motion to exclude the testimony of plaintiffs' expert witness James M. Weaver, P.E., Filing No. 40, are denied as moot without prejudice to refiling.

DATED this 14th day of March, 2014.

BY THE COURT:


s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.