IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRENCE N. GILLILAND, DENISE M. GILLILAND, and LUIS S. GALLEGOS, | |
| Plaintiffs, | 8:12CV384 |
| vs. | ORDER |
| HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC, | |
| Defendant. | |

This matter is before the court on the plaintiffs' Motion to Amend to Request an Award of Punitive Damages (Filing No. 143). The defendant filed a brief (Filing No. 147) and index of evidence (Filing No. 148) in response. The plaintiffs filed a brief (Filing No. 162) in reply.

BACKGROUND

This case arises out of injuries Terrence Gilliland (Gilliland) and Luis Gallegos sustained as a result of a single vehicle motorcycle accident on April 22, 2010, in Mills County, Iowa. At the time of the accident, Gilliland was operating a 2007 Harley-Davidson VRSCAW V-Rod motorcycle (the motorcycle). Gallegos was a passenger. Neither Gilliland nor Gallegos can recall, or knew at the time, what caused the accident. The plaintiffs claim the accident occurred because the center post of the motorcycle's triple-tree assembly came apart, causing the crash.

The plaintiffs initially filed their complaint against the defendant in the District Court of Douglas County, Nebraska, on December 13, 2010, alleging theories of negligent manufacturing, negligent failure to warn, negligent inspection/testing, negligent training, and strict liability, with respect to the motorcycle. The case was subsequently dismissed, without prejudice, on June 7, 2012, for lack of prosecution. On October 12, 2012, the plaintiffs filed a second complaint against the defendant in the District Court of Dodge County, Nebraska, alleging similar claims. The defendant

removed the action to this court on October 30, 2012.  **See** Filing No. 1 - Notice of Removal.

As relevant to the instant motion, in the court's initial progression order, the court set April 1, 2013, as the deadline for the plaintiffs to amend the pleadings.  **See** Filing No. 10.  Following a telephone planning conference on June 14, 2013, the court entered a final progression order.  **See** Filing No. 18.  As is common, because the deadline to amend the pleadings passed, and no party sought an extension, the court did not renew the deadline for the plaintiffs to amend the pleadings in the final progression order.  Thereafter, this case progressed in accordance with the court's progression orders.

On October 10, 2013, the defendant deposed the plaintiffs' expert, Chris Hoffman.  **See** Filing No. 55 - Ex. D Hoffman Depo.  During the deposition, Mr. Hoffman referenced Service Bulletin 1215 and 1215A.  *Id.* p. 17-18.  On November 15, 2013, the plaintiffs served a request for production of Service Bulletin 1215B.  **See** Filing No. 29; Filing No. 50 - Howard Aff. ¶ 4 and Ex. A.  The defendant produced Service Bulletin M-1215 on December 16, 2013.  **See** Filing No. 50 - Ex. A.[1]  According to the defendant, Service Bulletin M-1215 "was not generated to address any safety issue or concern with the 2007 Harley-Davidson VRSC model motorcycles (or any other model motorcycle covered by the service bulletin)."  **See** Filing No. 55 - Ex. A Hejlik Aff. ¶ 8.  Instead, the defendant generated Service Bulletin M-1215 in response to customer complaints about

> a "clunking" noise in the front end of certain Dyna, Softail and VRSC platform motorcycles, which was determined to arise from a loss of clamp load on the steering head joint or a "looseness" that typically manifested itself in a "clunking" noise when riding over a significant road imperfection and/or when the motorcycle's front brakes were applied.

*Id.*  The defendants generated Service Bulletin M-1215A "to correct a part number applicable to Dyna and Softail platforms" and Service Bulletin M-1215B "to clarify that model year 2008 VRSC and FX Springer Softail model motorcycles were not within the scope of the bulletin."  *Id.* ¶ 9.

Subsequent to the disclosure of Service Bulletin M-1215, the plaintiffs sought an extension of various case progression deadlines.  Following a contentious debate

---

[1] The defendant failed to file a certificate of service for the response as required by NECivR 34.1.

2

concerning the scheduling of matters in this case, the court[2] held a hearing on March 12, 2014, to discuss the parties' motions and objections.  **See** Filing No. 76 - Text Minute Entry.  The court determined a six-month extension of the progression deadlines was warranted due to then-recent discovery disclosures.  **See** Filing No. 77 - Order.  The court entered an amended final progression order and then a second amended final progression order upon motion of the parties.  **See** Filing No. 78 - Amended Final Progression Order; Filing No. 80 - Joint Motion to Extend the Case Deadlines; Filing No. 82 - Second Amended Final Progression Order.  The plaintiffs did not request to renew the deadline to amend the pleadings in any of their motions.  **See** Filings No. 27, 49, 64, 66, and 80.  As such, the court did not renew the deadline for the plaintiffs to amend the pleadings.  Further, the court stated in its final progression order and amended orders that any "[m]otions to alter dates . . . shall not be considered in the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed."  **See** Filing No. 82 - Second Amended Final Progression Order.

On January 13, 2015, following the court's ruling on evidentiary motions and the defendant's summary judgment motion, the court entered an order rescheduling the final pretrial conference for March 20, 2015, and trial for April 21, 2015.  **See** Filing No. 124 - Amended Order.  On March 19, 2015, the day prior to the final pretrial conference and a month before trial, the plaintiffs moved to amend their complaint to add a claim for punitive damages.  **See** Filing No. 143 - Motion.  After the final pretrial conference, on the court's own motion, trial was rescheduled for November 17, 2015.  **See** Filing No. 146 - Text Order.

In the motion to amend, the plaintiffs seek leave to amend the complaint to add a request under Iowa Code § 668A.1 for punitive damages.  **See** Filing No. 143 - Motion.  The plaintiffs propose to add the following claim:  "Defendant willfully disregarded a known or obvious risk that was so great to make it highly probable that harm would

---

[2]  At the time, Senior District Judge Joseph F. Bataillon presided over the case.  On May 22, 2014, this case was reassigned to Chief District Judge Laurie Smith Camp and remained with the undersigned magistrate judge for judicial supervision and processing of all pretrial matters.  **See** Filing No. 87 - Reassignment Order.

follow, and which thus is usually accompanied by a conscious indifference to the consequences under Iowa Code § 668A.1." **See** Filing No. 143-1 - Proposed Amended Complaint ¶ 54.  The plaintiffs state "[s]ignificant additional discovery took place following the Court's [March 17, 2014,] Order (Filing No. 77) allowing additional discovery into Service Bulletin M-1215." **See** Filing No. 143 - Motion ¶ 2.  The plaintiffs argue evidence at trial will include sufficient proof of punitive damages under Iowa Code § 668A.1.  *Id.* ¶¶ 3-4.  The plaintiffs also argue allowing a jury instruction on punitive damages will not change the evidence or testimony at trial, thus there is no surprise to the defendant.  *Id.* ¶¶ 3-4.

In response, the defendant argues the plaintiffs' motion, which, before the court continued the trial date, was an eleventh-hour motion, should be denied because the plaintiffs have failed to show good cause for the amendment and the amendment is futile.  **See** Filing No. 147 - Response.  The defendant argues the court's most recent progression order, which the plaintiffs reference, does not include a deadline to amend the pleadings because such deadline expired almost two years ago.  *Id.* at 4-6.  The defendant asserts the referenced Service Bulletin M-1215 does not excuse the plaintiffs' delay.  *Id.*  The defendant argues the plaintiffs knew of Service Bulletin M-1215 since late 2013 and discovery involving Service Bulletin M-1215 ended around April 25, 2014, when plaintiffs' counsel deposed the defendant's engineer, Korry Vorndran.  *Id.*  The defendant further contends the plaintiffs' allegation "significant additional discovery" followed after the court's March 2014 Order blatantly ignores the fact Service Bulletin M-1215 had almost no effect on the plaintiffs' expert's revised report.  *Id.*  Lastly, the defendant argues the amendment is futile because the claim for punitive damages is not sufficiently alleged and it lacks evidentiary support.  *Id.* at 6-8.

In reply, the plaintiffs contend, with trial scheduled for November 17, 2015, there is no disruption of the trial schedule or unfair prejudice caused by granting the motion. **See** Filing No. 162 - Reply.  The plaintiffs argue their amendment is not frivolous because "[t]he avalanche of new evidence in the form of customer contacts, engineering analysis, and the complete redesign of the triple tree assembly and development of the critical Service Bulletins support a finding that Defendant knew, with a high degree of certainty, that its aluminum on steel triple tree assembly was destined to result in a

4

motorcycle accident with the catastrophic results found in the present case." *Id.* The plaintiffs assert the court should, at minimum, defer final ruling on punitive damages until evidence has been presented at trial. *Id.*

## ANALYSIS

The plaintiffs' motion to amend implicates the standards for leave to amend under both Rule 15(a) and Rule 16(b) of the Federal Rules of Civil Procedure. "If a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." **Popoalii v. Corr. Med. Servs.**, 512 F.3d 488, 497 (8th Cir. 2008) (citation omitted). "A schedule may be modified only for **good cause** and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added); **see also Hartis v. Chicago Title Ins. Co.**, 694 F.3d 935, 948 (8th Cir. 2012). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." **Hartis**, 694 F.3d at 948 (citation omitted). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." **Sherman v. Winco Fireworks, Inc.**, 532 F.3d 709, 717 (8th Cir. 2008). "Where there has been no change in the law, no newly discovered facts, or any other changed circumstance . . . after the scheduling deadline for amending pleadings, then we may conclude that the moving party has failed to show good cause." **Hartis**, 694 F.3d at 948 (internal quotation marks omitted) (alteration in original). In addition to the good cause requirement, "on motion made after the time has expired," the court may extend time "if the party failed to act because of excusable neglect." **See** Fed. R. Civ. P. 6(b)(1)(B).

However, a court should grant leave to amend freely "when justice so requires." Fed. R. Civ. P. 15. Nevertheless, "[a] district court may deny leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment. Duplicative and frivolous claims are futile." **Reuter v. Jax Ltd., Inc.**, 711 F.3d 918, 922 (8th Cir. 2013) (internal quotation and citation omitted). There is no absolute right to amend. **See Hartis**, 694 F.3d at

5

948. Whether to grant a motion for leave to amend is within the sound discretion of the district court. **See** *Popoalii*, 512 F.3d at 497. Additionally, the court may consider whether the "late tendered amendments involve new theories of recovery and impose additional discovery requirements." *Id.* at 497.

A district court's denial of leave to amend a complaint may be justified if the amendment would be futile. **See** *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719 (8th Cir. 2014); **see also** *Geier v. Mo. Ethics Comm'n*, 715 F.3d 674, 678 (8th Cir. 2013). "The party opposing such amendment ha[s] the burden of establishing that leave to amend would be . . . futile." *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (citation omitted). The court is mindful of the liberal policy toward amendments and "the underlying purpose of Rule 15–to facilitate decision on the merits rather than on the pleadings or technicalities." *Sharper Image Corp. v. Target Corp.*, 425 F. Supp. 2d 1056, 1080 (N.D. Cal. 2006) (internal citation omitted); **see** *Am. Family Mut. Ins. Co. v. Hollander*, 705 F.3d 339, 348 (8th Cir. 2013). A motion to amend should be denied on the merits "only if it asserts clearly frivolous claims or defenses." *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999) (internal quotations and citations omitted). "[L]ikelihood of success on the new claim or defense is not a consideration for denying leave to amend unless the claim is clearly frivolous" or "legally insufficient on its face." *Becker*, 191 F.3d at 908; *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 225 (8th Cir. 1994) (citation omitted). "When the court denies leave [to amend] on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6)[.]" *Briscoe v. Cnty. of St. Louis, Mo.*, 690 F.3d 1004, 1015 (8th Cir. 2012) (first alteration in original) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (**quoting** *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A]lthough a complaint need not include detailed factual allegations, 'a plaintiffs obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of

6

a cause of action will not do.'" ***C.N. v. Willmar Pub. Schs., Indep. Sch. Dist. No. 347***, 591 F.3d 624, 629-30 (8th Cir. 2010) (**quoting** ***Twombly***, 550 U.S. at 555).

In determining whether the proposed amended complaint contains a claim for punitive damages that is plausible on its face, this court must review Iowa law on punitive damages. Iowa Code § 668A.1[3] governs the award of punitive damages. In Iowa, to succeed on a claim for punitive damages, a party must show:

> by a preponderance of clear, convincing, and satisfactory evidence, the conduct of the defendant from which the claim arose constituted willful and wanton disregard for the rights or safety of another . . . [and] the conduct of the defendant was directed specifically at the claimant, or at the person from which the claimant's claim is derived.

I.C.A. § 668A.1(1)(a) and (b). "Willful and wanton conduct is shown when an actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow, and . . . usually accompanied by a conscious indifference to the consequences." ***Cawthorn v. Catholic Health Initiatives Iowa Corp.***, 743 N.W.2d 525, 529 (Iowa 2007) (internal quotation marks omitted). "Punitive damages serve as a form of punishment, and as such, mere negligent conduct is not sufficient to support such a claim." ***Cawthorn***, 743 N.W.2d at 529.

> Punitive damages are only recoverable when the defendant acted with actual or legal malice. Actual malice may be shown by such things as personal spite, hatred, or ill-will and legal malice may be shown by wrongful conduct committed with a willful or reckless disregard for the rights of another. . . . Thus, merely objectionable conduct is insufficient. . . . To receive punitive damages, plaintiff must offer evidence of defendant's persistent course of conduct to show that the defendant acted with no care and with disregard to the consequences of those acts.

***Id.***; **see also** ***Miranda v. Said***, 836 N.W.2d 8, 34 (Iowa 2013), reh'g denied (Sept. 11, 2013).

The plaintiffs have failed to show good cause to modify the court's progression orders. Specifically, the plaintiffs have not demonstrated diligence in seeking to amend

---

[3] The court previously concluded Iowa law applies in this case. **See** Filing No. 122 - Memorandum and Order p. 16-17.

7

the complaint to add a punitive damages claim.  The plaintiffs reference the court's most recent progression order and state it did not include a deadline for amendment of pleadings as if that is justification for their late motion.  However, the plaintiffs never sought to extend the deadline to amend the pleadings in prior motions to amend the progression orders.  **See** Filings No. 27, 49, 64, 66, and 80.  The plaintiffs also reference Service Bulletin M-1215 and state significant additional discovery occurred following its disclosure.  However, absent generalized statements, the plaintiffs have not clarified how Service Bulletin M-1215 delayed the plaintiffs' motion to amend, or, at minimum, seeking to extend the deadline to amend.  The plaintiffs have been aware of Service Bulletin M-1215 since late 2013.  While discovery ensued following Service Bulletin M-1215's disclosure, it appears the plaintiffs could have sought to amend the complaint as early as February 13, 2014, when the plaintiffs argued the defendant's knew of steering issues involving the plaintiffs' motorcycle.  **See** Filing No. 63 - Brief p. 14 ("Something was wrong with the steering on those motorcycles.  Defendant knew it.").  The plaintiffs have failed to sufficiently explain why they could not have sought to amend the complaint earlier.  **See *Freeman v. Busch***, 349 F.3d 582, 589 (8th Cir. 2003) (holding that district court did not abuse its discretion by denying plaintiff's motion to amend complaint to add punitive damages where motion was filed seven weeks before end of discovery but ten months after district court entered scheduling order and where plaintiff provided no reason why those damages could not have been alleged earlier and no good cause for late filing of motion to amend).  Additionally, there has been no change in law and the plaintiffs have not articulated any other circumstances justifying the plaintiffs' late motion.  Accordingly, the plaintiffs have not met their burden under Rule 16(b) to warrant a departure from the court's progression orders.  Furthermore, the plaintiffs have not demonstrated they "failed to act because of excusable neglect."  **See** Fed. R. Civ. P. 6(b)(1)(B).

Even if this court found good cause under Rule 16(b), the court would deny the amendment under Rule 15(a) because of the amendment's futility.  The proposed amended complaint merely alleges negligence claims.  "Mere negligent conduct is not sufficient to support a claim for punitive damages."  ***McClure v. Walgreen Co.***, 613 N.W.2d 225, 230 (Iowa 2000); **see also *Cawthorn***, 743 N.W.2d at 529.  The proposed

8

amended complaint is devoid of any allegation the defendant acted willfully and wantonly or with actual or legal malice. Instead, at the end of the proposed amended complaint, the plaintiffs simply include an abbreviated, barebones recitation of punitive damages under I.C.A. § 668A.1. While detailed factual assertions are not required, the plaintiffs are required to provide more than just labels, conclusions, and speculation. After reviewing the proposed amended complaint, in applying the standard applicable to the determination of a motion to dismiss for failure to state a cause of action, the court finds the proposed amended complaint does not contain sufficient factual matter, which if accepted as true, states a "claim to relief [for punitive damages] that is plausible on its face." ***Twombly***, 550 U.S. at 570. Upon consideration,

**IT IS ORDERED**:

The plaintiffs' Motion to Amend to Request an Award of Punitive Damages (Filing No. 143) is denied.

## ADMONITION

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 14th day of April, 2015.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge