IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRENCE N. GILLILAND, DENISE M. GILLILAND, and LUIS S. GALLEGOS,<br><br>Plaintiffs,<br><br>vs.<br><br>HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC,<br><br>Defendant. | 8:12CV384<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Plaintiffs' Motion in Limine (Filing No. 130) in which Plaintiffs Terrence N. Gilliland ("Gilliland"), Denise M. Gilliland ("Mrs. Gilliland"), and Luis S. Gallegos ("Gallegos") seek to preclude Defendant Harley-Davidson Motor Company Group, LLC ("Harley-Davidson") from presenting evidence or argument in 43 different categories. Also before the Court are six motions presented by Harley-Davidson: Motion to Exclude Evidence of Dissimilar Accidents or Incidents (Filing No. 132), Motion to Exclude Evidence of Plaintiff Denise Gilliland's Cancer (Filing No. 133), Motion to Exclude Evidence of Harley-Davidson's Customer Contacts and Warranty Claims (Filing No. 134), Motion to Exclude Evidence of Harley-Davidson Service Bulletin M-1215A and M-1215B (Filing No. 136), Motion to Exclude Evidence of Plaintiffs' Hearsay Statements (Filing No. 138), and Request for Oral Argument on Pending Motions in Limine (Filing No. 140).

## DISCUSSION

This case arises out of a motorcycle accident that occurred on April 22, 2010, in Mills County, Iowa. Gilliland purchased the motorcycle, a 2007 Harley-Davidson VRSCAW V-Rod ("subject motorcycle"), from Dillon Brothers Harley-Davidson in

Omaha on or about July 23, 2007. At the time of the accident, Gilliland was operating the subject motorcycle. Gallegos was a passenger. Neither Gilliland nor Gallegos can recall, or knew at the time, what caused the accident. Plaintiffs claim the accident occurred because the center post of the subject motorcycle's triple-tree assembly came apart, causing the crash. Plaintiffs filed their action in the District Court of Dodge County, Nebraska, and Harley-Davidson removed the action to this Court, invoking the Court's diversity jurisdiction.

**I. Plaintiffs' Motion in Limine**

Plaintiffs seek to bar Harley-Davidson from making reference to Plaintiffs' history of traffic violations, criminal charges, or criminal convictions. Harley-Davidson responds that it will comply with the provisions of Fed. R. Evid. 609(a) with respect to the felony conviction of Gallegos for burglary, and will comply with the provisions of Fed. R. Evid. 609 (b) with respect to the felony conviction of Gilliland for credit card fraud. The Plaintiffs' Motion and Harley-Davidson's brief provide no further guidance for the Court. Plaintiffs' Motion will be granted, in that Harley-Davidson will be precluded in limine from making reference to Plaintiffs' history of traffic violations, criminal charges, or criminal convictions until the Court rules on the admissibility of such evidence pursuant to Fed. R. Evid. 609, outside the presence of the jury.

Plaintiffs seek to bar Harley-Davidson from inviting the jury to speculate about possible causes of the motorcycle accident. Harley-Davidson responds that it does not intend to invite speculation, but will offer evidence of causation as disclosed in its expert reports. Plaintiffs' Motion will be granted, in that Harley-Davidson will be precluded in limine from inviting the jury to speculate about the cause of the accident.

Plaintiffs seek to bar Harley-Davidson from making reference to Plaintiffs' prior or subsequent accidents, injuries, claims, suit or settlements, or the amount thereof, that did not occur under reasonably similar circumstances. Harley-Davidson does not oppose this Motion, and it will be granted.

Plaintiffs seek to bar Harley-Davidson from making any reference to the time or circumstances under which the Plaintiffs employed their attorney or experts. Harley-Davidson does not oppose the Motion as it relates to the time or circumstances under which Plaintiffs employed their attorney, but does note that it will make reference to the time devoted by Plaintiffs' expert when formulating opinions prior to expressing them, as such is relevant to the expert's credibility and the weight, if any, that should be given to the opinions. Plaintiffs' Motion will be granted in part, and Harley-Davidson will be precluded in limine from making reference to the time or circumstances under which the Plaintiffs' retained their attorneys.

Plaintiffs seek to bar Harley-Davidson from making reference to whether any award to the Plaintiffs would be subject to taxation. Harley-Davidson does not oppose this Motion and it will be granted.

Plaintiffs seek to bar Harley-Davidson from making reference to the Plaintiffs' personal habits as they relate to consumption of alcohol, drugs, or narcotics. Harley-Davidson does not oppose this Motion and it will be granted.

Plaintiffs seek to bar Harley-Davidson from making reference to Plaintiffs' failure to call any witness that is equally available to Harley-Davidson. Harley-Davidson does not oppose this Motion and it will be granted.

Plaintiffs seek to bar Harley-Davidson and its non-expert witnesses from offering inadmissible hearsay testimony. Harley-Davidson does not oppose this Motion, noting that rules concerning expert witnesses' reliance on inadmissible hearsay in support of their opinions should be applied equally to Harley-Davidson and Plaintiffs. The Plaintiffs' Motion will be granted as it requests the Court to follow the Federal Rules of Evidence, which the Court will attempt to apply equally to all parties.

Plaintiffs seek to bar Harley-Davidson from referring to the probable testimony of a witness who is absent, unavailable, or not called to testify. Harley-Davidson does not oppose this Motion and it will be granted.

Plaintiffs seek to bar Harley-Davidson from calling any witness not disclosed to Plaintiffs. Harley-Davidson does not oppose this Motion and it will be granted.

Plaintiffs seek to bar Harley-Davidson from suggesting to the jury that the Plaintiffs are motivated by "secondary gain or malingering." Harley-Davidson does not oppose this Motion and it will be granted.

Plaintiffs seek to bar Harley-Davidson from requesting any physical demonstrations by the Plaintiffs in the presence of the jury. Harley-Davidson does not oppose this request, and it will be granted.

Plaintiffs seek to bar Harley-Davidson from making reference to any transactions that would violate the attorney-client privilege. Harley-Davidson does not oppose this Motion and it will be granted.

Plaintiffs seek to bar Harley-Davidson from making reference to settlement negotiations in violation of Fed. R. Evid. 408. Harley-Davidson does not oppose this Motion, and it will be granted.

Plaintiffs seek to bar Harley-Davidson from making reference to when Plaintiffs' expert James Weaver was supplied with information on which he based his opinions. Harley-Davidson opposes this Motion, noting that the amount of time the expert had to review materials and form his opinion is relevant to the expert's credibility and the weight to be given to the opinion. The Court agrees, and Plaintiff's Motion will be denied.

Plaintiffs seek to bar Harley-Davidson from referring to expert James Weaver's purported failure to comply fully with deposition notices with respect to production of materials. Harley-Davidson does not oppose this Motion and it will be granted.

Plaintiffs seek to bar Harley-Davidson from referring to expert James Weaver's involvement in a motorcycle crash resulting in a broken leg. Harley-Davidson does not oppose this Motion and it will be granted.

Plaintiffs seek to bar Harley-Davidson from eliciting testimony from Kimberly Clark regarding whether or not Gilliland's motorcycle was insured. Plaintiffs suggest that such testimony would violate the "collateral source doctrine" and is irrelevant. Harley-Davidson opposes the Motion, noting that Gilliland's failure to insure the motorcycle is relevant to the level of care he exercised in maintaining it. Plaintiffs' reliance on the "collateral source doctrine" is misplaced.[1] The Motion will be denied, without prejudice to the Plaintiffs asserting their relevance objections at the time of trial.

---

[1] "The collateral source rule is a common law rule of evidence that bars evidence of compensation received by an injured party from a collateral source." *Pexa v. Auto Owners Ins. Co.*, 686 N.W.2d 150, 156 (Iowa 2004) (citing *Schonberger v. Roberts*, 456 N.W.2d 201, 202 (Iowa 1990)). "The rule prevents the jury from reducing the tortfeasor's obligation to make full restitution for the injuries caused by the tortfeasor's negligence." *Id.* The parties have agreed that Iowa substantive law applies. (*See* Order on Pretrial Conference, Filing No. 144 at 2.)

Plaintiffs' Motion at paragraph 15.B.ii. is entitled "Motorcycle License," but simply repeats the same language as in paragraph 15.B.i., regarding insurance and the "collateral source doctrine." (Filing No. 130 at ECF p. 6.) Harley-Davidson interprets the Motion as a request for the Court to bar Harley-Davidson from presenting evidence of Gilliland's lack of a motorcycle license. The Motion will be denied.

Plaintiffs seek to bar Harley-Davidson from eliciting testimony from witness Kimberly Clark regarding other accidents occurring along the roadway where the accident at issue in this case occurred, and regarding speculation about the cause of the accident. Harley-Davidson does not oppose this motion, with the caveat that it does intend to elicit testimony from Clark that tire marks from an earlier accident prevented her from discerning with precision which marks were caused by the Gilliland crash. The Plaintiffs' Motion will be granted, provided that Harley-Davidson may question Clark about tire marks from a prior accident remaining visible after the Gilliland crash.

Plaintiffs seek to preclude Harley-Davidson from eliciting testimony from Gilliland regarding his traffic record, including speeding tickets. Harley-Davidson does not oppose this Motion and it will be granted.

Plaintiffs seek to preclude Harley-Davidson from introducing in evidence any of Gilliland's speeding tickets. Harley-Davidson does not oppose this Motion and it will be granted.

Plaintiffs seek to preclude Harley-Davidson from making any reference to Gilliland's 1973 conviction related to credit card "problems." Harley-Davidson opposes this Motion, noting that Gilliland's conviction for credit card "fraud" bears on his truthfulness, and may be admissible under Fed. R. Evid. 609(b). Harley-Davidson will

6

be precluded from making any reference to Gilliland's 1973 conviction until the Court has an opportunity to determine, outside the presence of the jury, whether the probative value of the evidence substantially outweighs its prejudicial effect.

Plaintiffs seek to preclude Harley-Davidson from making any reference to Gilliland's business being sued for alleged defective workmanship or incomplete work. Harley-Davidson does not oppose this Motion and it will be granted.

Plaintiffs seek to preclude Harley-Davidson from making any reference to a motorcycle accident in which Gilliland was involved in 2007, asserting that the incident was remote and unrelated. Harley-Davidson opposes the Motion, noting that the incident involved Gilliland losing control of the motorcycle and tipping it over when carrying a passenger, which he rarely did. Plaintiffs' Motion will be denied, without prejudice to Plaintiffs raising objections at the time of trial.

Plaintiffs seek to preclude Harley-Davidson from making any reference to alleged negligence on the part of Jack Vaughn concerning the repair of the motorcycle, suggesting that such allegations would be speculative and unduly prejudicial. Harley-Davidson does not oppose the Motion, provided that Harley-Davidson is not precluded from questioning Vaughn and eliciting factual information about his mechanical interactions with the motorcycle. The Plaintiffs' Motion will be granted, provided that Harley-Davidson will not be precluded from eliciting relevant factual testimony from Vaughn.

Plaintiffs seek to preclude Harley-Davidson from making any reference to whether and when Gilliland replaced the motorcycle's battery. Harley-Davidson opposes the Motion, suggesting that Gilliland's failure to keep the motorcycle's battery charged

7

through winter months leads to an inference that he also failed to keep the tires on the motorcycle properly inflated. While the relevance of the testimony concerning Gilliland's maintenance of the motorcycle's battery is not apparent at this juncture, the Court will not order Harley-Davidson, in limine, to refrain from references to the topic. The Plaintiffs' Motion will be denied, without prejudice to assertion of objections at trial.

Plaintiffs seek to preclude Harley-Davidson from referring to a booklet Gilliland possessed, containing "riding tips." Harley-Davidson opposes the Motion, noting that the booklet was part of the "Owner's Kit," provided by Harley-Davidson to purchasers of new motorcycles and Gilliland's possession of it is relevant to counter his contention that he did not receive the Owner's Kit, as well as to the issue of Gilliland's maintenance of the motorcycle. The Motion will be denied, without prejudice to Plaintiffs' assertion of objections at trial.

Plaintiffs seek to preclude Harley-Davidson from making any reference to Gilliland's failure to wear a helmet. Harley-Davidson opposes the Motion, noting that Gilliland testified that he did not want to bother to walk back to his shed to retrieve his helmet or other protective gear prior to his ride. Harley-Davidson notes that air compressors were also in the shed, and an inference may be drawn that Gilliland also did not want to be bothered to return to the shed to ensure the tires were inflated properly. At this juncture, it appears that Harley-Davidson can elicit the relevant testimony without direct reference to the helmet, and the Motion will be granted.

Plaintiffs seek to preclude Harley-Davidson from making any reference to Gilliland's failure to wear protective clothing. If Gilliland presents evidence of road rash injuries and related pain and suffering, Harley-Davidson opposes the Motion. The

8

Motion will be granted, but the Court will revisit the issue if Gilliland presents evidence of road rash and related pain and suffering.

Plaintiffs seek to preclude Harley-Davidson from making any reference to Gilliland's failure to verify his interrogatories before his deposition. Harley-Davidson does not oppose the Motion, and it will be granted.

Plaintiffs seek to preclude Harley-Davidson from making any reference to Gilliland's own speculation about what his injuries from the accident could have been, *e.g.*, paralysis. Harley-Davidson does not oppose the Motion, and it will be granted.

Plaintiffs seek to preclude Harley-Davidson from referring to Gilliland's application for credit to purchase the motorcycle, specifically suggesting that Gilliland was untruthful when representing his income on the application. Harley-Davidson asserts that the Plaintiffs' objections to Harley-Davidson's Exhibit 103 ("Sale and Purchase Documents") have been waived, because they were not presented at the pretrial conference, and the evidence has been received. Harley-Davidson expresses an intention to question Gilliland about the truthfulness of his representations made on the documents with respect to his income. While Exhibit 103 has been received into evidence (see Order on Pretrial Conference, Filing No. 144 at ECF p. 20), Harley-Davidson will be precluded in limine from questioning Gilliland about the truthfulness of his statements in the documents until the Court has made a determination, outside the presence of the jury, as to whether the probative value of such evidence is substantially outweighed by its unfair prejudicial impact.

Plaintiffs seek to bar Harley-Davidson from presenting evidence regarding Gallegos's lack of a driver's license. Harley-Davidson does not oppose this Motion, and it will be granted.

Plaintiffs seek to bar Harley-Davidson from presenting evidence of Gallegos's burglary conviction and parole revocation, although Plaintiffs acknowledge that evidence of the fact that Gallegos has a felony conviction is admissible under Fed. R. Evid. 609. Harley-Davidson responds that, if it elicits evidence about Gallegos's criminal history at all, it will simply ask whether he has been convicted of a felony and how many times. The Motion will be granted in part, and Harley-Davidson will be precluded, in limine, from eliciting evidence regarding the specific nature of Gallegos's felony convictions, or his parole violations.

Plaintiffs seek to preclude Harley-Davidson from eliciting evidence of Gallegos's domestic violence convictions. Harley-Davidson does not oppose this Motion, and it will be granted.

Plaintiffs seek to preclude Harley-Davidson from presenting evidence that Gallegos has not paid his taxes, that he works only for cash, and that he "never punched a clock." Plaintiffs note that Gallegos is not presenting any claim for loss of income or diminished earning power. Harley-Davidson does not oppose the Motion and it will be granted.

Plaintiffs seek to preclude Harley-Davidson from presenting any evidence regarding Gallegos's use of marijuana. Harley-Davidson does not oppose the Motion and it will be granted.

Plaintiffs seek to preclude Harley-Davidson from presenting evidence that Gallegos was "smashed on the weekends." Harley-Davidson does not oppose the Motion and it will be granted.

Plaintiffs seek to preclude Harley-Davidson from presenting evidence that Gallegos failed to wear a helmet. Harley-Davidson does not oppose this Motion and it will be granted.

Plaintiffs seek to bar Harley-Davidson from making any reference to the Plaintiffs' filing of their Motion in Limine. Harley-Davidson does not oppose this Motion and it will be granted.

## II.   Harley-Davidson's Motion to Exclude Evidence of Dissimilar Accidents or Incidents

Harley Davidson seeks to preclude Plaintiffs from presenting evidence of customer complaints, accidents, or incidents involving alleged defects in Harley-Davidson motorcycles unless the Plaintiffs can make a showing of "substantial similarity" to the facts of this case. Plaintiffs respond that they have no intention of presenting evidence of dissimilar accidents or incidents, but reserve the right to introduce evidence of other accidents or incidents on rebuttal, with proper foundation, if Harley-Davidson's case in chief discloses the existence of similar accidents. The Motion will be granted.

## III.   Harley-Davidson's Motion to Exclude Evidence of Mrs. Gilliland's Cancer

Harley-Davidson seeks to preclude the Plaintiffs from making any reference to Mrs. Gilliland's cancer, arguing that any relevance her medical condition may have to the issues in this case are substantially outweighed by unfair prejudice to Harley-

11

Davidson under Fed. R. Evid. 403. Plaintiffs contend that her medical condition is relevant to her claim for loss of consortium, because she depended on her husband to provide many services for her that he was unable to provide after the accident. The Court cannot conclude at this juncture that the danger of unfair prejudice to Harley-Davidson substantially outweighs the probative value of Mrs. Gilliland's medical condition, and the Motion will be denied, without prejudice to Harley-Davidson's objections at the time of trial.

IV. **Harley Davidson's Motion to Exclude Evidence of Customer Contacts and Warranty Claims**

Harley-Davidson seeks to preclude Plaintiffs from producing evidence of, or making reference to, customer contacts or warranty data relating to alleged issues with Harley-Davidson motorcycle front triple tree assemblies, noting that such communications from customers and related warranty data constitute inadmissible hearsay.

Plaintiffs argue that such evidence will not be offered for the truth of the matters asserted, *i.e.*, defects in the other customers' motorcycles, but as evidence that Harley-Davidson was on notice of potential problems with the specific model of motorcycle and failed to warn the Plaintiffs of the potential defects. Plaintiffs further argue that their experts may rely on otherwise inadmissible hearsay when offering expert opinions.

While Plaintiffs' Complaint (Filing No. 1 at ECF 5-16) presented theories of recovery based on Harley-Davidson's alleged failure to warn of potential defects in the motorcycle, the Pretrial Order that supersedes the Complaint presents a single

"controverted and unresolved Issue" on the subject."[2] (Filing No. 144 at ECF 4-8.); *see also Friedman & Friedman, Ltd. v. Tim McCandless, Inc.*, 606 F.3d 494, 498 (8th Cir. 2010) (recognizing the rule that "issues identified in the pretrial order supersede the pleadings."). Though Plaintiffs' experts may rely on hearsay in forming opinions regarding matters properly at issue, such hearsay may be disclosed to the jury "only if [its] probative value in helping the jury evaluate the opinion substantially outweighs [its] prejudicial effect." Fed. R. Evid. 703.

Plaintiffs have stated that they have no intention of presenting evidence of dissimilar accidents or incidents, but reserve the right to introduce evidence of other accidents on rebuttal, with proper foundation, if Harley-Davidson's case in chief discloses the existence of similar accidents or incidents. (See Part II, above.) The Court infers that the Plaintiffs also have no intention of presenting evidence of customer contacts or warranty claims or data, except as such contacts, claims, or data relate to substantially similar accidents or incidents. At Plaintiffs' request, the Court will conduct a hearing outside the presence of the jury to determine whether any evidence of customer contacts, warranty claims, or warranty data that Plaintiffs wish to introduce, or make reference to, concern accidents or incidents substantially similar to the facts of this case. The Court will determine whether the probative value of such evidence

---

[2] To prevail on a claim against a manufacturer for negligent failure to warn, unless the danger is open and obvious, a plaintiff must establish (1) the manufacturer knew or should have known of the danger, (2) any warnings given were inadequate, and (3) an adequate warning would have altered the plaintiff's conduct and avoided the injury. *Lovick v. Wil-Rich*, 588 N.W.2d 688, 700 (Iowa 1999*); Olson v. Prosoco, Inc.*, 522 N.W.2d 284, 289-90 (Iowa 1994). The only reference to Plaintiffs' failure-to-warn claim in the Pretrial Order's list of Controverted and Unresolved Issues states: "Whether Defendant was obliged to directly contact customers to warn them of the matters leading to Service Bulletin M-1215." (Filing No. 144 at ECF 7.)

outweighs its prejudicial effect. Harley-Davidson's Motion will be granted, provided that Plaintiffs may request a hearing outside the presence of the jury as described above.

## V.     Harley-Davidson's Motion to Exclude Evidence of Bulletin M-1215, M-1215A and M-1215B

Harley-Davidson seeks to exclude evidence of certain service bulletins it published in 2008, suggesting that the material in the bulletins is irrelevant, and that the material's prejudicial impact substantially outweighs its probative value.

Plaintiffs suggest that the bulletins are relevant to their theories of recovery based on "failure to warn," and provide a basis for their expert's opinion that the motorcycle was not properly manufactured or assembled. The information in the bulletins appears to be closely aligned with the evidence of customer contacts and warranty claims and data, discussed above. Accordingly, the Court will grant Harley-Davidson's Motion, provided that Plaintiffs may request a hearing outside the presence of the jury to determine whether the probative value of the bulletins outweighs their prejudicial impact.

## VI.    Harley-Davidson's Motion to Exclude Evidence of Plaintiffs' Hearsay Statements

Harley-Davidson seeks to preclude Plaintiffs from making any reference to hearsay statements made by Gilliland and Gallegos to other witnesses or through affidavit related to the cause of the accident. Plaintiffs have not submitted any brief in opposition to this Motion, and it will be granted.

## VII. Harley-Davidson's Motion for Oral Argument

While the Court may conduct certain evidentiary hearings outside the presence of the jury, as described above, to determine the admissibility of certain evidence at the time of trial, the Court will deny Harley-Davidson's request for a hearing on its Motions in Limine. "In general the court does not allow oral argument or evidentiary hearings on motions." NECivR 7.1(d).

IT IS ORDERED:

1. Plaintiffs' Motion in Limine (Filing No. 130) is granted in part as follows:

   a. Defendant Harley-Davidson will comply with Fed. R. Evid. 609;

   b. Defendant Harley-Davidson will be precluded from inviting the jury to speculate about the cause of the motorcycle accident at issue in this case;

   c. Defendant Harley-Davidson will be precluded from making reference to Plaintiffs' prior or subsequent accidents, injuries, claims, suits or settlements, or the amount thereof, that did not occur under reasonably similar circumstances;

   d. Defendant Harley-Davidson will be precluded from making any reference to the time or circumstances under which the Plaintiffs employed their attorneys;

   e. Defendant Harley-Davidson will be precluded from making reference to whether any award to the Plaintiffs would be subject to taxation;

   f. Defendant Harley-Davidson will be precluded from making reference to Plaintiffs' personal habits as they relate to consumption of alcohol, drugs, or narcotics;

   g. Defendant Harley-Davidson will be precluded from making reference to Plaintiffs' failure to call any witness that is equally available to Harley-Davidson;

   h. Defendant Harley-Davidson will follow the Federal Rules of Evidence with respect to hearsay and expert testimony;

   i. Defendant Harley-Davidson will refrain from referring to the probable testimony of any witness who is absent, unavailable, or not called to testify;

   j. Defendant Harley-Davidson will be precluded from calling any witness not disclosed to the Plaintiffs;

k.    Defendant Harley-Davidson will be precluded from suggesting to the jury that the Plaintiffs are motivated by "secondary gain or malingering;"

l.    Defendant Harley-Davidson will be precluded from requesting that the Plaintiffs engage in any physical demonstrations in the presence of the jury;

m.    Defendant Harley-Davidson will be precluded from making reference to any transactions that would violate the Plaintiffs' attorney-client privilege;

n.    Defendant Harley-Davidson will be precluded from making reference to settlement negotiations in violation of Fed. R. Evid. 408;

o.    Defendant Harley-Davidson will be precluded from referring to Plaintiffs' expert witness James Weaver's purported failure to comply fully with deposition notices with respect to production of materials;

p.    Defendant Harley-Davidson will be precluded from referring to Plaintiffs' expert witness James Weaver's involvement in a motorcycle crash resulting in a broken leg;

q.    Harley-Davidson will be precluded from making reference to other accidents occurring in the same location as the motorcycle accident, provided that Harley-Davidson may question witnesses about tire marks from prior crashes remaining visible after the Gilliland crash;

r.    Defendant Harley-Davidson will be precluded from eliciting testimony from Plaintiff Terrence N. Gilliland regarding his traffic record, including speeding tickets;

s.    Defendant Harley-Davidson will be precluded from introducing evidence of Plaintiff Terrence N. Gilliland's speeding tickets;

t.    Harley-Davidson will be precluded, in limine, from making reference to Plaintiff Terrence N. Gilliland's 1973 conviction related to his credit card use, pending the Court's determination of whether the probative value of the evidence substantially outweighs its prejudicial effect, outside the presence of the jury;

u.    Defendant Harley-Davidson will be precluded from making any reference to Plaintiff Terrence N. Gilliland's business being sued for alleged defective workmanship or incomplete work;

v. Defendant Harley-Davidson will be precluded from making any reference to alleged negligence on the part of Jack Vaughn concerning the repair of the motorcycle, provided that Harley-Davidson will not be precluded from eliciting relevant factual testimony from Vaughn;

w. Defendant Harley-Davidson will be precluded from making reference to Plaintiff Terrence N. Gilliland's failure to wear a helmet;

x. Defendant Harley-Davidson will be precluded from making reference to Plaintiff Terrence N. Gilliland's failure to wear protective clothing, provided that if Gilliland presents evidence of road rash and related pain and suffering, the Court will revisit the relevance of the evidence of Gilliland's failure to wear protective clothing;

y. Defendant Harley-Davidson will be precluded from making reference to Plaintiff Terrence N. Gilliland's failure to verify answers to his interrogatories before his deposition;

z. Defendant Harley-Davidson will be precluded from making reference to Plaintiff Terrence N. Gilliland's own speculation about what his injuries from the accident could have been, *e.g.*, paralysis;

aa. Defendant Harley-Davidson will be precluded from questioning Plaintiff Terrence N. Gilliland about the truthfulness of his statements in his application to purchase the motorcycle until after the Court has made a determination, outside the presence of the jury, as to whether the probative value of such evidence is substantially outweighed by its prejudicial impact;

bb. Defendant Harley-Davidson will be precluded from presenting evidence regarding Gallegos's lack of a driver's license;

cc. Defendant Harley-Davidson will be precluded from eliciting evidence regarding Plaintiff Luis S. Gallegos's parole violations or the specific nature of his felony convictions;

dd. Defendant Harley-Davidson will be precluded from eliciting evidence of Plaintiff Luis S. Gallegos's domestic violence convictions;

ee. Defendant Harley-Davidson will be precluded from presenting evidence that Plaintiff Luis S. Gallegos has not paid his taxes, that he only works for cash, or that he never "punched a time clock;"

ff. Defendant Harley-Davidson will be precluded from presenting evidence of Plaintiff Luis S. Gallegos's use of marijuana;

gg. Defendant Harley-Davidson will be precluded from presenting evidence that Plaintiff Luis S. Gallegos was "smashed on weekends;"

hh. Defendant Harley-Davidson will be precluded from presenting evidence that Plaintiff Luis S. Gallegos failed to wear a helmet;

ii. Defendant Harley-Davidson will be precluded from making reference to the Plaintiffs' filing of their Motion in Limine; and

the Motion is otherwise denied, without prejudice to the Plaintiffs asserting their objections at the time of trial;

2. Defendant Harley-Davidson's Motion in Limine No. 4 To Exclude Evidence of Dissimilar Accidents or Incidents (Filing No. 132) is granted;

3. Defendant Harley-Davidson's Motion in Limine No. 5 to Exclude Evidence of Plaintiff Denise Gilliland's Cancer (Filing No. 133) is denied, without prejudice to Harley-Davidson asserting its objections at the time of trial;

4. Defendant Harley-Davidson's Motion in Limine No. 1 to Exclude Evidence of Harley-Davidson's Customer Contacts and Warranty Claims (Filing No. 134) is granted, provided that Plaintiffs may request an evidentiary hearing outside the presence of the jury to determine the admissibility of such evidence;

5. Defendant Harley-Davidson's Motion in Limine No. 2 to Exclude any Evidence of Harley-Davidson Service Bulletin M-1215, M1215A and M-1215B (Filing No. 136) is granted, provided that Plaintiffs may request an evidentiary hearing outside the presence of the jury to determine the admissibility of such evidence;

6. Defendant Harley-Davidson's Motion in Limine No. 3 to Exclude Evidence of Plaintiffs' Hearsay Statements (Filing No. 138) is granted; and

     7. Defendant Harley-Davidson's Request for Oral Argument on Motions in Limine (Filing No. 140) is denied.

     Dated this 29th day of April, 2015

                                     BY THE COURT:

                                     s/Laurie Smith Camp
                                     Chief United States District Judge