# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRENCE N. GILLILAND, DENISE M. GILLILAND, AND LUIS S. GALLEGOS, **Plaintiffs,** vs. HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC, **Defendant.** | **8:12CV384** **MEMORANDUM AND ORDER** |

This matter is before the Court on the Plaintiffs' Motion for Evidentiary Hearing (Filing No. 169).  The Plaintiffs request an evidentiary hearing pursuant to the Court's previous Memorandum and Order dated April 29, 2015 (the "Order in Limine") (Filing No. 166), and specifically request that the hearing take place prior to jury selection.  The Defendant did not respond to the Motion.  For the reasons stated, the Motion will be granted in part.

## PROCEDURAL BACKGROUND

Relevant to this Motion, the Court's Order in Limine granted the Defendant's request to exclude evidence of the Defendant's contacts with customers and evidence of certain warranty claims submitted to the Defendant.  The Order in Limine also granted the Defendant's request to exclude evidence of the Defendant's Service Bulletins M-1214, M1215A, and M-1215B (the "Service Bulletins").

## DISCUSSION

The Order in Limine concluded that Plaintiffs had not demonstrated that the evidence at issue was admissible. Specifically, the Plaintiffs had not shown that, based upon the evidence before the Court, the customer contacts, warranty claims, and

Service Bulletins addressed incidents substantially similar to the incident at issue in this case.  Recognizing that evidence adduced at trial may demonstrate that the incidents were substantially similar, the Court stated that it would permit Plaintiffs to request a hearing outside the presence of the jury to determine the admissibility of this evidence. The Plaintiffs have not specified a time for the hearing other than to request that it be held prior to jury selection. Plaintiffs argue they cannot prepare their case-in-chief absent a final ruling on the admissibility of such evidence.

The arguments Plaintiffs advance in support of their request for a hearing were already before the Court when it granted Defendant's motions in limine.  Thus, the Court need not convene a hearing merely to reconsider arguments upon which it has already ruled.  The Order in Limine specified that the admissibility of the customer contacts, warranty claims, and Service Bulletins may depend on whether the evidence at trial shows the incidents involved were substantially similar.  Thus, a hearing well in advance of trial would not be an efficient use of judicial resources.  Plaintiffs may address the issue at the parties' conference before trial and, if necessary, the Court can address the matter outside the presence of the jury after evidence of similar incidents has been presented.

Plaintiffs now argue that a final ruling on the admissibility of customer contacts, warranty claims, and the Service Bulletins is essential to the Plaintiffs' presentation of expert testimony.  However, nothing in the Court's Order in Limine prevents the Plaintiffs' experts from relying upon inadmissible evidence to formulate their opinions, so long as the facts and data are of a type reasonably relied upon by experts in their field.  *See United States v. Carter,* 270 F.3d 731, 735 (8th Cir. 2001) ("Rule 703 of the

Federal Rules of Evidence permits experts to rely upon inadmissible facts or data in forming opinions or inferences, if of a type reasonably relied upon by experts in a particular field."). The Eighth Circuit has stated:

> As a rule, questions regarding the factual underpinnings of the expert's opinion affect the weight and credibility of her testimony, not its admissibility. [*South Central Petroleum, Inc. v. Long Bros. Oil Co.,* 974 F.2d 1015, 1019 (8th Cir. 1992)]. We have said that "[o]nce expert testimony has been admitted, the rules of evidence then place the full burden of exploration of facts and assumptions underlying the testimony of an expert witness squarely on the shoulders of opposing counsel's cross-examination." *Brennan v. Reinhart Inst'l Foods,* 211 F.3d 449, 451 (8th Cir. 2000) (internal quotation omitted).

*Structural Polymer Group, Ltd. v. Zoltek Corp.,* 543 F.3d 987, 997-98 (8th Cir. 2008). "If a factfinder doubts [an expert's] assumptions, then the factfinder will discount his ultimate conclusions or rely on his alternate calculations which account for different [factual assumptions]." *In re Zurn Pex Plumbing Prods. Liability Litig.,* 644 F.3d 604, 615 (8th Cir. 2011).

Based upon these authorities, the Plaintiffs' presentation of expert testimony will not depend on the independent admissibility of the evidence at issue.  Further, the expert reports Plaintiffs submitted did not appear to rely wholly on the evidence in question.  For example, Plaintiffs' expert James Weaver testified that he formulated his opinion before seeing the Service Bulletins and the Service Bulletins merely corroborated his opinion. (Filing No. 159-1, Weaver Dep. 13:2-9.)  Thus, the Plaintiffs need not wait for the Court's final ruling on this evidence to prepare their presentation of expert testimony and the Plaintiffs will not be unfairly prejudiced by waiting until trial for a hearing on the admissibility of the evidence.

Accordingly,

IT IS ORDERED:   The Court on the Plaintiffs' Motion for Evidentiary Hearing (Filing No. 169) is granted in part, in accordance with this Memorandum and Order.

Dated this 28th day of October, 2015

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

4